## HUMPHRY *v.* BURGE.

When, by agreement, twenty days are granted a party to prepare a bill of exceptions, and within that time he presents the bill to the judge for his signature, though it was not filed with the clerk till five days after; it was held to be sufficient; and that filing the bill with the clerk was not a necessary part of its preparation.

When exceptions are taken in relation to any instrument in writing, with a view of bringing the matter before the supreme court, it should be incorporated into the bill of exceptions; but if this is not done, the instrument should be so particularly described and referred to in the bill, as to render its identity conclusive.

Error, *to Muscatine District Court.*

On motion to reject the bill of exceptions, and strike from the record the papers therein referred to.

*R. P. Lowe,* for the motion.

*W. G. Woodward,* contra.

*Opinion by* Greene, J.   The defendant in error moves the court to reject the bill of exceptions in this case, because it was not prepared within the twenty days agreed upon in the entry of judgment; and to strike from the record the papers referred to in the bill of exceptions, because they are not therein copied.   Though not filed with the clerk of the district court till five days after the stipulated time, it appears by the affidavit of plaintiff's counsel, that the bill of exceptions was presented to the judge at his residence in Davenport, several days within the twenty days allowed.   The facts contained in the affidavit being admitted by the opposing counsel, we are necessarily led to the conclusion that the exceptions were prepared within the required time.   From the language of the agreement, we cannot infer that the filing of the bill became a necessary part of its preparation; and if the words, "to prepare exceptions," imply the signature of the judge, the affidavit affords ample presumption that the judge signed the bill within the time.   The bill of exceptions cannot, therefore, be rejected.

In relation to the papers referred to in the bill of exceptions, we find that the instrument marked A is not described with sufficient certainty to render its identity conclusive.   It is therefore stricken from the record.   The balance of the papers being more particularly referred to and described, are retained.

We regard it as a safer practice, when exceptions are taken in relation to any instrument in writing, to copy the same into the bill of exceptions ; (*a*) but if this is not done, it should be

(*a*) See *Reed* v. *Hubbard,* ante 153.

so particularly described and referred to in the bill, as to enable the clerk, without mistake, to copy the identical instrument into the record, and to enable this court to refer to it with positive certainty. (1)

(1) Upon the final determination of this case, the judgment of the district court was affirmed. Soon after the decision, an opinion was written; but on preparing the case for publication, it was not to be found. If found in time, it will appear in the next volume.